IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-02572-RM-KLM

JEAN PIERRE MARECHAL,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

---

**ORDER**

---

    This insurance case is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 56) to grant in part and deny in part Defendant's Motion for Partial Summary Judgment (ECF No. 42). Defendant filed an Objection to the Recommendation (ECF No. 57). Plaintiff did not object to the Recommendation but did file a Response to Defendant's Objection (ECF No. 58). For the reasons below, the Court overrules the Objection and accepts the Recommendation, which allows Plaintiff to proceed on his breach of contract claim but not his bad faith claims.

I.    **LEGAL STANDARDS**

    A.    **Review of a Magistrate Judge's Recommendation**

    Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation to which a proper objection is made. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal

issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

  **B.**  **Summary Judgment**

  Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

## II. BACKGROUND

A more detailed recitation of the background of this case can be found in the Recommendation. For present purposes, the Court summarizes as follows. After hail damaged his home, Plaintiff filed an insurance claim with Defendant, his insurer. Defendant inspected the property and provided Plaintiff with an estimate of the loss, its claim position letter, and payment. Unsatisfied with the estimate, Plaintiff retained counsel and a public adjuster. Each party produced expert reports that, according to the magistrate judge, "show[] glaring differences in their views of the damage to the roof and, critically, what work is required to return the roof to its pre-storm condition pursuant to the terms of the insurance policy." (ECF No. 56 at 14.)

## III. DISCUSSION

The magistrate judge found that the bad faith claims should be dismissed because the disparity between the reports, on its own, is insufficient to show Defendant acted unreasonably and because Plaintiff has adduced no evidence that Defendant's conduct was inconsistent with what a reasonable insurer would have done under the circumstances. Plaintiff did not object to these findings, and the Court agrees that these claims hinge on unreasonable conduct by the insurer and should be dismissed.

With respect to the breach of contract claim, the magistrate judge determined that the competing reports "are enough on their own to preclude entry of summary judgment at this stage of the proceedings." (*Id.*) In its Objection, Defendant argues that Plaintiff has failed to adduce evidence "sufficient to create a genuine issue of material fact regarding roof replacement." (ECF No. 57 at 2.) But even if Defendant is correct, that would not mean there is no genuine issue of material fact as to whether Defendant owed coverage to Plaintiff that it failed to provide.

Accordingly, the Court agrees with the magistrate judge the genuine issues of material fact preclude granting summary judgment on Plaintiff's breach of contract claim.

## IV. CONCLUSION

Therefore, the Court OVERRULES the Objection (ECF No. 57), ADOPTS the Recommendation (ECF No. 56), and GRANTS IN PART and DENIES IN PART the Motion for Partial Summary Judgment (ECF No. 42).

DATED this 9th day of August, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge